**SAMPLES EXTERMINATORS, Petitioner,**

v.

**Larry SAMPLES, Respondent.**

No. C–1434.

Supreme Court of Texas.

Oct. 27, 1982.

McKool & Vassallo, Matt McKool, Dallas, for petitioner.

Randy Golden, Dallas, for respondent.

PER CURIAM.

This suit arose out of an action by Samples Exterminators against Larry Samples for alleged infringement of the business'

trade name, unfair competition and trade practices, and theft or conversion of the business' secrets, goodwill, and assets. The trial court granted injunctive relief to both Plaintiff, Samples Exterminators, and Larry Samples, the Defendant, based upon their consent in open court to entry of the judgment. The court of appeals, in reversing the judgment of the trial court, held that Larry Samples had revoked his consent to settle the case before the trial court rendered judgment. Tex.R.Civ.Pro. 452. We reverse the judgment of the court of appeals and affirm the trial court's judgment.

The disputed settlement occurred on May 29, 1981, at a Second Hearing for Temporary Injunction. Samples Exterminators sought enforcement of an earlier settlement agreement entered into by the parties on April 10, 1981.[1]

At the May 29 hearing, both parties and their attorneys were present. After a short recess, the attorneys announced that the parties had settled the case. In open court, the attorneys dictated the settlement into the record. The trial court conferred with the parties to confirm that the settlement was agreeable with them. In doing so, the trial court asked the parties to stand while he made the following statement:

> It appearing to the Court that all of you did agree in open court to this settlement, the Court approves the settlement made in open court and orders all parties to sign any and all papers necessary to carry out this agreement and to carry out the agreement that was made and dictated into the record.

On May 30, 1982, the day after the parties had entered into the agreement in open court, Larry Samples again attempted to revoke his consent to settle.

■ A party may revoke his consent to settle a case anytime before judgment is

---

1. On April 15, the trial court rendered judgment on the first settlement, but later granted Larry Samples' Motion for New Trial based on

his argument that he had revoked consent to settle prior to the rendition of that judgment.

rendered. *Burnaman v. Heaton,* 150 Tex. 333, 339, 240 S.W.2d 288, 291 (1951). Without consent, the judgment is void. *Id.* In the instant case, the court of appeals held that the consent judgment was effectively revoked because the judgment as signed and entered did not comport with the agreement recited in open court. We reverse the court of appeals' decision for two reasons.

■ First, Larry Samples did not complain of noncomportment by point of error in the court of appeals. In his court of appeals' brief, Larry Samples alleged only two points of error: (1) that the oral exchange between the court, the parties, and the attorneys on May 29 did not constitute a rendition of judgment, and (2) that the trial judge coerced him into settling the case. Nowhere in his brief did Larry Samples complain that the final judgment did not comport with the agreement of the parties in open court. By failing to present this point of error, Larry Samples waived his right to complain of noncomportment. The court of appeals erred in reversing the trial court's judgment in the absence of properly assigned error. *American General Fire & Casualty Co. v. Weinberg,* —— Tex. ——, 639 S.W.2d 688, 25 Tex.Sup.Ct.J. 405 (1982).

■ Second, the trial court did render judgment in open court on May 29, before Larry Samples attempted to revoke his consent to settle. "A judgment is in fact rendered whenever the trial judge officially announces his decision in open court . . . in his official capacity for his official guidance whether orally or by written memorandum the sentence of law pronounced by him in any cause." *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 59 (Tex.1970). In the instant case, after the parties voiced their approval of the settlement dictated in open court, the trial court rendered judgment by ordering them to sign and follow the agreement.

The decision of the court of appeals conflicts with *American General Fire & Casu-*

*alty Co. v. Weinberg, supra,* and *Comet Aluminum Co. v. Dibrell, supra.* Consequently, we grant Samples Exterminators' writ of error and, without hearing oral argument, reverse the judgment of the court of appeals. Tex.R.Civ.Pro. 483. The judgment of the trial court is affirmed.