Nancy Susan **WHARTON**, Appellant,

v.

Joe **GONZALES**, Jr., Appellee.

No. A14–87–994–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 27, 1988.

D. Channing Bradshaw, Pasadena, for appellant.

Ron L. Marsh, Baytown, Robert W. Soard, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Judge.

Appellant, intervenor in a divorce action between her daughter and appellee, appeals from an agreed decree establishing a joint managing conservatorship between her and appellee. The sole issue is whether the trial court erred in failing to honor appellant's attempted repudiation of the agreement which she voiced prior to the time the judgment was actually signed. We affirm.

The cause was called for trial on August 10, 1987, and a jury panel was seated but discharged at 1:10 p.m. "due to settlement and agreed order." Appellee, petitioner in the trial court, was called as a witness and established grounds for the divorce. His counsel then stated he would dictate into the record the agreement between petitioner and his counsel, respondent and her counsel, intervenor and her counsel and the attorney ad litem for the minor child.

Twelve pages of the court reporter's transcript consist of an extremely detailed agreement concerning the possessory and visitation rights of the parties, which was read into the record. After the agreement was dictated into the record, appellee (petitioner) stated he understood all the terms and agreed to them. Respondent in the trial court (the mother of the child) was called as a witness and she stated she understood all the terms and asked the court to approve them. Appellant (intervenor in the trial court) was called as a witness and stated she had reviewed the agreement and asked the court to approve it. After all sides rested, the trial judge stated and entered on his docket the following:

Orders per the record and the decree. Divorce granted. Attorney Marsh ordered to draw the decree. All parties including the litigants and attorney ad litem are ordered to sign same, submit same to the Court on or before August 20, 1987 by 3:00 p.m. o'clock. Jury waived; cross petition and contest withdrawn in open court.

In a letter to the court, received September 21, 1987, appellant advised the court she would not sign the judgment and requested that the agreement be set aside. On October 5, appellant filed a formal motion to repudiate the agreement, requesting the court to set the same aside. She alleged that she was "pressured" into the agreement and that the joint managing conservatorship was not working.

For reasons not revealed by the record, the formal judgment was not signed until October 20, 1987. It, like the agreement dictated in open court, is in great detail and covers some fourteen pages of the transcript.

█ In her first point of error appellant contends the court erred in signing the judgment because, prior to rendition of the judgment, she repudiated the agreement on which it was based. Both appellant and appellee rely upon this courts' opinion in *Buffalo Bag Company v. Joachim*, 704 S.W.2d 482 (Tex.App—Houston [14th Dist.] 1986, writ ref'd n.r.e.). There we held that

the docket sheet notation "Judgment to be entered accordingly" was insufficient to constitute a rendition of judgment. It is interesting to note that we there said, however, that had the court noted that "judgment is rendered accordingly" there would be no doubt that the parties would be bound by the stipulated agreement. We can see no material difference between "judgment is rendered accordingly" and "Orders per the record and the decree". He clearly granted the divorce and the only reasonable interpretation of the remainder of his statement is that he ordered the decree to conform to the stipulated agreement which was of record and that the attorney for petitioner was ordered to prepare the decree accordingly.

Appellant further cites this court to *Formby's KOA v. BHP Water Supply Corporation,* 730 S.W.2d 428 (Tex.App.—Dallas 1987, no writ). In that case, the parties also announced an agreement in open court, and three months later one party withdrew his consent to the agreement, but the trial court granted judgment based on the agreement. The *Formby's* case is distinguishable from the instant case in that there the judge did not make any statements indicating that judgment was rendered, but instead indicated that the matter would not be disposed of until the written orders were prepared. After counsel informed the court that the parties had reached an agreement, the court inquired how soon the documents could be prepared. The attorney responded that preparation would take about a week. Then the court inquired whether that would dispose of the case, to which the attorney answered yes. In the instant case, the court stated "orders per the record" immediately following the recitation of the agreement. We therefore hold judgment was rendered on August 10, 1987, and that petitioner was bound thereby. Appellant's first point is overruled.

In her second point of error appellant argues that the trial court erred in signing the judgment because it added terms which were not agreed to by the parties. Apparently, appellant refers to

some incidental orders the trial court pronounced at the conclusion of the hearing that: (1) all parties were prohibited from making disparaging remarks about each other to or in the presence of the child; (2) there would be no drinking of alcoholic beverages or the use of any narcotics in the presence of the child; and (3) that, while the child was in their custody, no party would have a visitor of the opposite sex in the house past 10:00 p.m., unless the visitor was one of the immediate family.

We reject appellant's contention that the trial judge erred in signing the judgment which contained these provisions in addition to the original agreements. Even if we should find that the court was not authorized to pronounce these prohibitions in the interest of the child, they are merely unenforceable under the provisions of Rule 11, Tex.R.Civ.Proc. *Markham v. Gaitz,* 499 S.W.2d 692 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.); *Traveler's Insurance Co. v. Williams,* 603 S.W.2d 258 (Tex.Civ.App.—Corpus Christi 1980, no writ). Appellant's second point is overruled.

The judgment is affirmed.