**GALERIE D'TILE, INC. and H.D. Hughes, Appellants,**

v.

**Sandra A. SHINN, Appellee.**

**No. A14–88–00985–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 14, 1990.

Nancy Manderson, Aubrey D. Martin, Jr., Houston, for appellants.

Judith A. Reigel, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

OPINION

JUNELL, Justice.

This is an appeal from a judgment based on a compromise settlement announced and agreed to in open court. Appellants were plaintiffs who sought money damages under a petition alleging ten causes of action.

The principal issue is whether the statements made by the court immediately after the settlement agreement had been dictated constituted a rendition of judgment. If it did, appellant's subsequent revocation of consent to the agreed judgment came too late. If it did not, the revocation of consent before the court signed the judgment made the signed judgment void.

Subsidiary issues are (1) whether the settlement agreement was clear enough and specific enough for the trial court to render judgment; (2) whether the settlement agreement was an agreement to make a future contract; (3) whether the trial court could not render judgment on the settlement agreement because it was an agreement for the transfer of real property within the Statute of Frauds; and, (4) whether the signed judgment comported with the settlement agreement recited in open court.

We overrule all of appellant's points of error and affirm the judgment of the court below.

■ Trial was to begin on October 19, 1987, when the parties and their attorneys appeared, and the following took place in open court:

THE COURT: I understand you have a settlement you wish to dictate into the record.

MS. REIGEL (Appellee's Attorney): That's right your honor.

MS. CARVER (Appellants' Attorney): Yes, your honor.

THE COURT: Okay.

MS. CARVER: If I may clarify—if I may clarify before I begin, my name is Kathleen Carver. Myself and Mr. Dick Martin, who is not here today, represent H.D. Hughes and Galerie

D'Tile, who are the Plaintiffs in this cause of action.

We've reached a settlement agreement with Mr. Townsend, who represents the Houstonian, Inc. An agreed take nothing judgment has been filed with respect to those three Defendants.

The settlement agreement that we are reading into the record today is with regard to Sandra A. Shinn.

MS. REIGEL: My name is Judith Reigel representing Sandra Shinn.

MS. CARVER: The terms of the settlement are that both parties will execute mutual releases—well, all three parties will execute mutual releases of all claims asserted by one against the other. All claims raised in the lawsuit by any party against the other will be settled.

Shinn shall deed the property at 4207 West Alabama to the party designated by Plaintiff's attorney, which will be either Galerie D'Tile, Diversified Group, Inc., or H.D. Hughes.

Shinn agrees to turn over necessary documentation and—and execute such other documents as may be necessary to effectuate the settlement.

Both parties agree to file an agreed take nothing judgment.

Shinn also agrees that she will sign a bill of assignment to the Houstonian Club, Inc., regarding her membership at the Houstonian.

And once more, so that I may clarify, this is in the lawsuit which is consolidated with the suit filed T.H. Hughes and Diversified Group, Inc. vs. Sandra A. Shinn, which was Cause Number— which was Cause Number 81–48901.

THE COURT: Anything else?

MS. REIGEL: That accurately reflects the agreement, your honor.

THE COURT: All right. This disposes of all parties and both lawsuits?

MS. REIGEL: That's correct.

THE COURT: Signed and entered this, the 19th day of October, 1987.

On July 14, 1988, Judge Hugo Touchy signed the following judgment:

On the __ of June, 1988, Shinn's Motion for Entry of a Final Agreed Judgment came on to be considered and after considering all pleadings and the record of the settlement agreement read into this court's record, it is of the opinion that same should be granted. It is therefore

ORDERED, that plaintiff, Galerie D'Tile, Inc. and H.D. Hughes, in the above referenced consolidated cases, hereby take nothing as against the defendant, Sandra A. Shinn. It is further

ORDERED, that all costs of court are hereby adjudged against the party incurring same.

SIGNED, this 14 day of July, 1988.

s/ Hugo Touchy
JUDGE PRESIDING

The above judgment was signed after appellants had revoked their consent to the settlement and the agreed judgment.

The rules concerning when a judgment has been rendered have been stated in a number of different ways by the Texas courts. To illustrate, we quote first from *Comet Aluminum Co., Inc. v. Dibrell,* 450 S.W.2d 56, 58–59 (Tex.1970):

In *Coleman v. Zapp.* 105 Tex. 491, 151 S.W. 1040, at 1041 (1912), we stated that a judgment's "rendition is the judicial act by which the court settles and declares the decision of the law upon *the matters at issue.*" And in *Knox v. Long,* 152 Tex. 291, 257 S.W.2d 289, at 292 (1953), we quoted Freeman on Judgments as stating that a judgment is " 'rendered' when the decision is officially announced either orally in open court *or by memorandum filed with the clerk.*" We then quoted with approval from *Appeal of Bulkeley,* 76 Conn. 454, 57 A.112, 113, as follows:

"A judgment is in fact rendered whenever the trial judge officially announces his decision in open court, or out of court signifies to the clerk, in his official capacity and for his official guidance—whether orally or by written memorandum—the sentence of the law pronounced by him in any cause."

Six years after *Comet*, the supreme court wrote again concerning what constitutes a rendition of judgment in these words:

> The judge's intention to render judgment in the future cannot be a present rendition of judgment. The rendition of judgment is a present act, either by spoken word or signed memorandum, which decides the issues upon which the ruling is made. The opportunities for error and confusion may be minimized if judgments will be rendered only in writing and signed by the trial judge after careful examination. Oral rendition is proper under the present rules, but orderly administration requires that form of rendition to be in and by spoken words, not in mere cognition, and to have effect only insofar as those words state the pronouncement to be a present rendition of judgment.

*Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex. 1976). *See also Samples Exterminators v. Samples*, 640 S.W.2d 873 (Tex.1982); *Buffalo Bag Co. v. Joachim*, 704 S.W.2d 482, 484 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Flores v. Onion*, 693 S.W.2d 756 (Tex.App.—San Antonio 1985, no writ).

*Samples* was a case in which both parties sought injunctive relief. Both parties and their attorneys were present at a hearing for temporary injunction. The attorneys announced in open court that the parties had settled the case and the attorneys dictated the settlement into the record. The trial court conferred with the parties to confirm that the settlement was agreeable. Then the trial court said:

> It appearing to the Court that all of you did agree in open court to this settlement, the Court approves the settlement made in open court and orders all parties to sign any and all papers necessary to carry out this agreement and to carry out the agreement that was made and dictated into the record.

*Samples*, at 874.

The next day Larry Samples attempted to revoke his consent to settle. However, after the revocation of consent, the trial court signed a judgment in accordance with the dictated settlement agreement. On the above facts, the supreme court said:

> In the instant case, after the parties voiced their approval of the settlement dictated in open court, the trial court rendered judgment by ordering them to sign and follow the agreement.

*Samples*, at 875.

The supreme court then held that the attempt by Larry Samples to revoke his consent came too late because it came after the oral rendition of judgment.

In *Samples* the supreme court appears to have retreated to some extent from the statement in *Reese v. Piperi* that, though oral rendition of judgment is proper under the rules, "orderly administration requires that form of rendition to be in and by spoken words, not in mere cognition, and to have effect only insofar as those words state the pronouncement to be a present rendition of judgment."

In the light of the *Samples* decision, we hold in the instant case that after the parties voiced their approval of the settlement dictated in open court, the trial court rendered judgment by announcing "signed and entered this, the 19th day of October, 1987."

Of course, it is certain that the trial court did not sign a judgment on that date, nor did he enter one. The judge of the court never enters the judgment. Entry is a ministerial function performed by the clerk. It is just as certain, however, that the trial court, by his announcement, intended to orally render judgment at that time, and not at some future date. His choice of the words "signed and entered" was unfortunate, but his intention was clear. Although the supreme court has not required it, it would always be preferable for the trial judge to use the specific word "render" and to say unequivocally that he "does now render judgment" in the case. *See, e.g., Hollaway v. Hollaway*, 792 S.W.2d 168, 169 (Tex.App.—Houston [1st Dist.] 1990, no writ).

■ Moving to appellant's argument that the in-court agreement under Rule 11

violated the statute of frauds because of the lack of a legal description of the real property to be conveyed, we find the equities of the situation remove the case from the customary and usual operation of a statute of frauds. *See Wilson v. Fisher,* 188 S.W.2d 150, 152 (Tex.1945). The policy and reasoning against parol conveyances of land is to avoid uncertain and unsettled land titles resting in parol, fraud and perjury. *Republic Nat'l Bank of Dallas v. Stetson,* 390 S.W.2d 257 (Tex.1965). We see no possibility in the case before us that the Rule 11 agreement could lead to any uncertain or unsettled land titles. This court has on several occasions commented that TEX.R.CIV.P. 11 is an immensely powerful rule of procedure and that it is in the nature of a statute of frauds in its own right. *Abramson v. Abramson,* 788 S.W.2d 860, 861 (Tex.App.—Houston [14th Dist.]); *Stein v. American Residential Management, Inc.,* 781 S.W.2d 385 (Tex. App.—Houston [14th Dist.] 1989, writ requested). The parties show in the agreement announced by the two officers of the court, representing their clients, that they had full knowledge of the property to be conveyed by deed, even though the description "4207 West Alabama" is silent as to city, county, or state. Appellants' pleadings show Galerie D'Tile, Inc. has its principal place of business and registered office in Houston, Harris County, Texas, and that appellee Shinn is a resident of that city, county, and state. There is a reasonable inference that the property is in Houston, Texas, at 4207 West Alabama. If necessary, extraneous evidence could be brought in to aid in drawing a deed with the proper description of the property. *Skinner v. Noland,* 154 Tex. 615, 281 S.W.2d 332 (1955). If there was a misdescription of the property (and not a mistake of its identity), the agreement is subject to reformation. *Shotwell v. Morrow,* 498 S.W.2d 432 (Tex.Civ.App.—Eastland 1973, writ ref'd n.r.e.). The agreement does not violate any statute of frauds.

In the instant case, appellee has always stood ready and willing to do every act called for by the settlement agreement dictated in open court. Therefore, a take

nothing judgment was a proper one under the circumstances.

The judgment of the court below is affirmed.