D.L. KELLEY, Appellant,

v.

H. Drue PIRTLE, Individually and in his Capacity as Red River County Commissioner, and Red River County Commissioners Court, Appellees.

No. 6–91–119–CV.

Court of Appeals of Texas, Texarkana.

Feb. 19, 1992.

Rehearing Denied March 31, 1992.

Leighton Cornett, Cornett & Colson, Paris, for appellant.

J.D. McLaughlin, McLaughlin, Hutchison & Hunt, Paris, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Justice.

D.L. Kelley appeals from a judgment based on a settlement agreement. Kelley repudiated the settlement agreement before judgment was reduced to writing and entered of record. The dispositive issue on appeal is whether the trial court rendered judgment orally in open court after the settlement agreement had been dictated into the record and before it was repudiated. We conclude that he did render judgment at that time and will affirm the judgment.

The underlying dispute was whether a road on Kelley's land was a private road or a public road. Kelley contended that the road has always been a private road. Drue Pirtle contended that it is a public road maintained by the county.

On the day of trial, a jury panel was selected, but during a recess the parties

agreed on a settlement. The settlement provided that the road would be deemed a public road and that no gate was to be placed across it. The county would, however, put in a double-wide cattle guard if Kelley requested it. There were several other terms. The agreement was read into the record in open court.

Counsel for Pirtle wanted assurance that the agreement would be binding and, on his initiation, the following colloquy occurred:

[PIRTLE'S COUNSEL]: I want also an agreement that this can be certified and filed of record in the County Clerk's Office of Red River County, Texas, and will be binding upon the heirs, successors and assigns.

THE COURT: It is a judgment of this Court and will be binding as a settlement agreement incorporated as a Court judgment.

I can't get any stronger than that, I don't think.

The court then asked the parties if they understood the agreement and requested the court to approve it, and all parties responded in the affirmative. The court then stated:

This agreement will be reduced to writing and incorporated in the form of a judgment and settlement of this cause of action, and I'll sign it.

What I want both of you lawyers to do, prepare this judgment, both of you approve it as to form and substance and mail it to me for my signature, and we've got a settlement.

A judgment was prepared, but before the judge signed it he was informed by letter and in person that Kelley had repudiated the agreement. Taking the position that judgment had been rendered before the settlement agreement was repudiated, the trial judge entered judgment in accordance with the settlement agreement.

 A valid consent judgment requires the consent of both parties. *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 291 (1951). It is not sufficient that the parties may at some time have consented. Their consent must exist at the very mo-

ment the court undertakes to make the agreement the judgment of the court. *Id.* A party may revoke his consent at any time before the judgment is rendered. *Samples Exterminators v. Samples*, 640 S.W.2d 873 (Tex.1982).

 Rendition of a judgment is different from entry of a judgment. Rendition of judgment occurs when the trial judge officially announces a decision on the law as to the matters at issue, either orally in open court or by written memorandum filed with the clerk. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953); *Formby's KOA v. BHP Water Supply Corp.*, 730 S.W.2d 428 (Tex.App.–Dallas 1987, no writ). Entry of judgment is a purely ministerial act by which the trial court's judgment is made of record and preserved. *Skidmore v. Glenn*, 781 S.W.2d 672 (Tex.App.–Dallas 1989, no writ). The judge's intention to render judgment in the future does not constitute a present rendition of judgment. *Reese v. Piperi*, 534 S.W.2d 329 (Tex.1976).

Kelley contends that the court did not render judgment until the judge signed the written document. He argues that the judge's statement that "[t]his agreement will be reduced to writing and incorporated in the form of a judgment and settlement of this cause, and I'll sign it," indicates an intention to render judgment in the future.

Pirtle contends that judgment was rendered orally when the settlement was agreed to and approved and that the preparation and signing of the written document was only a ministerial act. He points to the statement by the judge that "[i]t is a judgment of this Court and will be binding as a settlement agreement incorporated as a Court judgment."

We conclude that judgment was rendered orally in open court before the settlement agreement was repudiated. The trial judge's statement that "[i]t is a judgment of this Court and will be binding," we think, confirms that he was pronouncing judgment at that very time. *Samples Exterminators v. Samples, supra; Skidmore v. Glenn, supra; Cluck v. Cluck*, 699 S.W.2d 246 (Tex.App.–San Antonio 1985, writ ref'd n.r.e.). His other statements

that the agreement will be reduced to writing and incorporated in the form of a judgment appear to be instructions to the attorneys for the reduction of the judgment to writing. The statement "and we've got a settlement" can be harmonized with the judge's previous statement that the action was the judgment of the court so as to indicate a present rendition.

Cases such as *Formby's KOA v. BHP Water Supply Corp., supra; Buffalo Bag Co. v. Joachim,* 704 S.W.2d 482 (Tex.App.–Houston [14th Dist.] 1986, writ ref'd n.r.e.); and *Carter v. Carter,* 535 S.W.2d 215 (Tex. Civ.App.–Tyler 1976, writ ref'd n.r.e.), are distinguishable because they involved situations where the trial judge indicated that judgment would be rendered in the future when appropriate documents were prepared and signed.

For the reasons stated, we affirm the trial court's judgment.