**GOLODETZ TRADING CORPORATION and Golodetz Asset Management, Inc., Appellants,**

v.

**Edward CURLAND, Appellee.**

No. 01–93–00828–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 20, 1994.

Jonathan T. Suder, Fort Worth, Ben D. Tobor, Joel Mohrman, Houston, for appellants.

Dennis G. Herlong, Houston, Daniel Perlman, New York City, for appellee.

Before OLIVER–PARROTT, C.J., and COHEN and ANDELL, JJ.

**OPINION**

OLIVER–PARROTT, Justice.

We are asked to decide whether the trial court rendered judgment after an oral nonsuit with prejudice. We hold the trial court did not render judgment and therefore the

appellants are not prohibited from withdrawing their consent to a nonsuit with prejudice.

### Fact Summary

The appellants, Golodetz Trading Corporation and Golodetz Asset Management, Inc. (Golodetz), fired the appellee, Edward Curland (Curland), an employee in their New York office. Golodetz then sued Curland in Houston in connection with a bond trading program he set up for them. The trial judge, Richard Millard, advised counsel to attempt to settle the case. On February 3, 1993, the parties agreed to mutually nonsuit their claims with prejudice, and the judge dismissed the jury and told the parties to withdraw their exhibits. On February 8, 1993, the parties met with the Judge Millard to discuss withdrawing the previously filed nonsuit with prejudice. On February 11, 1993, Golodetz filed a formal motion to withdraw the nonsuit with prejudice. Judge Millard retired. On April 29, 1993, the Honorable Jack O'Neill presided over a hearing on the motion to withdraw the nonsuit. That day, Judge O'Neill sitting as a visiting judge signed the final judgment in the space left for Judge Millard's signature. The judgment states that during trial Golodetz and Curland announced a settlement, dictated it into the record, and moved to dismiss their respective claims with prejudice as to refiling. On May 14, 1993, Golodetz filed a motion for new trial. The newly appointed trial judge denied the motion.

### Official announcement of judgment

In point of error one, the appellants contend the trial court erred in finding that judgment was rendered on February 3, 1993, because the trial court did not officially announce its decision in open court on that day.

The conversation between Judge Millard and the parties after the jury had been sent home on February 3, 1993, is as follows:

The Court: All right. It's my understanding that there's going to be a nonsuit on both sides.

Defense attorney: That's what we've offered.

The Court: Okay. **For the record, both sides have tendered a nonsuit which has**
**been accepted** and I do not think it's necessary to reduce it to writing, but if you want to, you can do that.

Defense attorney: As I understand it, this is a dismissal with prejudice, is that not correct, on both sides?

The Court: Put the date on there.

Defense attorney: I'm sorry?

The Court: It's a nonsuit—

Defense attorney: With prejudice.

Plaintiff's attorney: Is that the offer?

Defense attorney: That's the offer.

Plaintiff's attorney: You don't want to nonsuit it and (inaudible). (Appellee's brief states this said "and maybe try it another day?"

Defense attorney: **No, our offer is to mutual dismissal with prejudice.**

Plaintiff's attorney: **Yes.**

The Court: **All right. Thank you very much. I appreciate it and you can withdraw all your exhibits.**

Plaintiff's attorney: We'll withdraw all our exhibits.

(Emphasis added). The docket sheet indicates that the case was dismissed with prejudice; however, the sheet was neither signed nor initialed by the judge.

■ The question before us is whether the court rendered judgment on February 3. If it did, Golodetz cannot withdraw its consent to a nonsuit and seek reinstatement of the case. In Texas, a party has the right to revoke its consent to a judgment in a case at any time before the rendition of judgment. *Giles v. Missouri–Kansas–Texas Railroad Co.*, 712 F.Supp. 542, 545 (E.D.Tex.1989); *Quintero v. Jim Walter Homes*, 654 S.W.2d 442, 444 (Tex.1983). A judgment is rendered whenever the judge officially announces his decision in open court or files a memorandum with the clerk. *Giles*, 712 F.Supp. at 545; *Banks v. Team*, 783 S.W.2d 783, 785 (Tex. App.—Houston [1st Dist.] 1990, no writ). The rules of civil procedure require that an agreement between attorneys or parties regarding any pending suit must be in writing, signed and filed with the papers as part of the record, unless it is made in open court and entered of record. Tex.R.Civ.P. 11.

■ Once a judgment is rendered by the court, entry of judgment is merely a ministerial act by which the trial court's judgment is made of record and preserved. *Banks,* 783 S.W.2d at 785. Texas law does not require specific words of rendition, but merely states that "rendition of judgment is the pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication." *Giles,* 712 F.Supp. at 545.

Golodetz cites two cases in which the reviewing court found judgment had been rendered and contends the language in these cases is much stronger than is found here. In *Samples v. Samples,* 640 S.W.2d 873, 875 (Tex.1982), the supreme court found the trial court rendered judgment when the judge made the parties stand while he said, "It appearing to the court that all of you did agree in open court to this settlement, the court approves the settlement made in open court and orders all parties to sign any and all papers necessary to carry out this agreement and to carry out the agreement that was made and dictated into the record." Golodetz also cites *Kelley v. Pirtle,* 826 S.W.2d 653, 654 (Tex.App.—Texarkana 1992, writ denied). In *Kelley,* the 'trial court judge stated' after the parties had agreed to a settlement, "It is a judgment of this court and will be binding as a settlement agreement incorporated as a court judgment." *Kelley,* 826 S.W.2d at 654. The appellate court held the trial court rendered judgment. *Id.*

■ Golodetz complains that in this case Judge Millard only accepted a nonsuit and not a mutual dismissal with prejudice. Curland said the offer was for "mutual dismissal with prejudice." Golodetz answered, "Yes." Then Judge Millard said, "All right. Thank you very much. I appreciate it and you can withdraw all your exhibits." The issue is whether or not those words amounted to a rendition.

We note this Court has held that judgment was not rendered when a docket entry states, "Judgment for plaintiff rendered this day. Orders to follow." *Banks,* 783 S.W.2d at 783. In *Banks,* however, the only evidence was the docket entry and we held this alone did not qualify as a rendition of judgment. *Id.* The Fourteenth Court of Appeals has considered this issue in *Galerie D'Tile, Inc. v. Shinn,* 792 S.W.2d 792 (Tex.App.—Houston [14th Dist.] 1990, no writ); *Wharton v. Gonzales,* 761 S.W.2d 72 (Tex.App.—Houston [14th Dist.] 1988, no writ); and *Buffalo Bag Co. v. Joachim,* 704 S.W.2d 482 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). In both *Galerie* and *Wharton,* the appellate court upheld the oral settlement agreement accepted by the trial court as a rendition of judgment. *Galerie,* 792 S.W.2d at 793; *Wharton,* 761 S.W.2d at 74. In *Galerie,* the court found the trial judge clearly rendered judgment after an oral agreement by the parties when he said, "Signed and entered this, the 19th day of October, 1987." *Galerie,* 792 S.W.2d at 793. In *Wharton,* after parties reached an agreement, the court stated "[O]rder per the record." *Wharton,* 761 S.W.2d at 74. The court held judgment was rendered. *Id.* In *Buffalo Bag,* the court held the language used by the court indicated it was pleased the parties had reached a settlement, but did not go so far as to constitute an oral pronouncement by the court of its conclusions and decision on the settlement agreement presented.[1] *Buffalo Bag,* 704 S.W.2d at 483. The court determined that the docket sheet notation was not sufficient to qualify as a rendition of judgment. *Id.*

Here, the court stated it had accepted a *nonsuit.*[2] The parties then discussed that this was a mutual dismissal with prejudice. They agreed it was. Then the court said "thank you" and told the parties to withdraw their exhibits.

Clearly, the parties came to terms and settled; however, the language of case law prohibits us from finding the words "all right, thank you" constitute a rendition. The settlement was dictated into the record, and although it may be an enforceable agreement, the appellant's withdrawal of consent prohibited a consent judgment in this case. We sustain point of error one.

---

1. The court's opinion did not include the language used by the trial judge.

2. A nonsuit does not affect a party's right to refile.

Because of our ruling on point of error one, we do not address points of error two and three. We reverse the judgment of the trial court and remand for new trial.

COHEN, J., concurring in an opinion in which ANDELL, J., joins.

COHEN, Justice, concurring.

I concur in the result, even though I would like to dissent. I concur because the majority opinion is "right," that is, I believe it correctly declares the law of the state. Unfortunately, I believe the law is "wrong," at least as applied to facts like these.

This was a case between sophisticated parties represented by sophisticated counsel. The discussion set out in the majority opinion unquestionably shows that they agreed to a mutual dismissal with prejudice. I agree with the majority that there may be an agreement enforceable under Tex.R.Civ.P. 11, but I regret that we have to reverse the judgment and require further trial court proceedings to establish that fact, which seems perfectly obvious to me. Unfortunately, the law of Texas seems to require magic words other than "thank you very much" in order for this judgment to be affirmed.

ANDELL, J., joins this concurrence.