**In re Kenneth Wayne BLAND, Jr., Relator.**

**No. 01–97–01070–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 3, 1997.

Lawrence James Behrmann, Houston, for Relator.

Before MIRABAL, O'CONNOR and NUCHIA, JJ.

**OPINION**

PER CURIAM.

The relator, Kenneth Wayne Bland, Jr., has filed a petition for writ of mandamus asking the Court (1) to quash the jury trial setting scheduled for Monday, October 6, 1997 and (2) to order the Honorable Don Ritter, Judge of the 246th District Court, Harris County, Texas, to sign a written judgment based on the judgment he rendered orally on December 18, 1996. *See* TEX. R. APP. P. 52. We deny the petition for writ of mandamus.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting on denial of petition for writ of mandamus.

Relator, Kenneth Wayne Bland, asks this Court (1) to quash the jury trial setting scheduled for Monday, October 6, 1997, and (2) to order the Honorable Don Ritter, judge of the 246th District Court, to sign a written judgment based on the judgment he rendered.

The issues for this Court are (1) whether the trial court's pronouncement of December 18, 1996 constituted a rendition of judgment, and, if it did, (2) whether the trial court can set aside its December 18, 1996 judgment rendered on a settlement agreement.

**Facts**

Sometime before December 18, 1996, Brenda Lee Bland (the Wife) and Kenneth Wayne Bland, Jr. (the Husband) reached an agreement regarding the terms of the divorce in a mediated settlement.

On December 18, 1996, the court conducted the final hearing in the divorce. All parties and counsel announced ready, and the parties each testified and proved the grounds for divorce and terms of the divorce agreement. The Husband also testified that he wanted to remarry and asked the court to waive the 30 days for remarriage, which the court agreed to do. The court approved the property settlement, the conservatorship, and possession and access of the children.

The court orally rendered judgment as follows:

All right. The divorce is granted. The joint managing conservatorship, possession and accesses will all be in accordance with their agreement, per Joint Exhibit 1.

The discussion in the reporter's record was that the judgment would be signed on January 3, 1997. The judgment was not signed, but the Husband remarried as scheduled. The Husband and his new wife began building a house on the property that the Husband was awarded in the divorce.

After the oral rendition, the Husband attempted to have a written judgment signed, according to the terms of the oral rendition. The Wife refused to sign the written judgment and the trial court ordered the parties to proceed to a jury trial on the merits. The Husband hired another lawyer to attempt to get the oral rendition reduced to a written judgment. On September 19, 1997, at a hearing on a motion to enter a written judgment, the Husband presented the court with a written judgment which contained the same terms as the settlement agreement. The trial court, without a reporter's record, stated he would not sign any judgment, and the Husband could take it up by mandamus. The court also said, off the record, that he did not like the terms and conditions of the issues regarding the children. Both parties agree that the issues relating to the children should be revisited. The trial court refused to sign the Husband's motion for new trial on the issues relating to the children. The parties are set for trial on October 6, 1997.

At this time, the Husband does not know what issues are to be tried. The court has not stated whether the divorce and property division will be tried. The Husband is concerned that if the trial involves the divorce and property issues, he is in jeopardy because he remarried and he is building a house on property he received in the divorce. The Husband insists he has a right to require the trial court to sign a judgment of divorce, according to the terms of the oral rendition of the judgment.

## Analysis

The majority voted to deny the petition for writ of mandamus. I voted to stay the trial setting and order responsive briefing because the trial court orally rendered judgment on the settlement agreement, and the Wife cannot now withdraw her consent to that agreement.

Once a court orally renders judgment on a settlement agreement, one of the parties may not revoke her consent to the agreement. *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855 (Tex.1995); *Galerie D'Tile, Inc. v. Shinn*, 792 S.W.2d 792, 794 (Tex.App.—Houston [14th Dist.] 1990, no writ). In *Galerie D'Tile*, after the parties dictated the terms of their agreement in open court, the court said it entered that day, even though it was actually signed later. Before the judgment was signed, one of the parties revoked its consent. The court of appeals held that the party's attempt to withdraw its consent was ineffective because the trial court had orally rendered judgment on the agreement. *See also Kelley v. Pirtle*, 826 S.W.2d 653, 654 (Tex.App.—Texarkana 1992, writ denied) (party's attempt to withdraw consent after court orally announced judgment was ineffective).

A judgment is rendered when the court makes an official announcement, either in writing or orally in open court, of its decision upon the matter submitted for adjudication. *S & A Restaurant*, 892 S.W.2d at 857–58; *Dunn v. Dunn*, 439 S.W.2d 830, 832 (Tex. 1969) (oral rendition of divorce constituted a final judgment, even though not signed until after spouse died). Rendition is a present act, either by spoken word or by signed memorandum, which resolves the issues upon which the ruling is made. *Reese v. Piperi*, 534 S.W.2d 329, 330 (Tex.1976). The announcement of a judgment, whether in open court or by a signed judgment, is the critical moment when the judgment becomes effective. *Verret v. Verret*, 570 S.W.2d 138, 139 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). After the court orally renders judgment, the act of signing the judgment is only a ministerial act. *Dunn*, 439 S.W.2d at 832.

A settlement agreement is enforceable if it is made in open court and accepted by the court, satisfying the requirements of Tex. R.Civ.P. 11. *See Samples Exterminators v.*

*Samples,* 640 S.W.2d 873, 875 (Tex.1982); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 677 (Tex.1979). If one of the parties revokes consent *before* the court renders judgment, the agreement cannot be enforced as a consent judgment. *S & A Restaurant Corp.,* 892 S.W.2d at 857; *Golodetz Trading Corp. v. Curland,* 886 S.W.2d 503, 504 (Tex.App.—Houston [1st Dist.] 1994, no writ). If one of the parties revokes consent *after* the court renders judgment, the agreement can be enforced as a consent judgment. *S & A Restaurant Corp.,* 892 S.W.2d at 857.

I recognize that in a habeas case, this Court held a trial court could grant a new trial after rendering judgment on a settlement agreement. *Ex parte Chunn,* 881 S.W.2d 912 (Tex.App.—Houston [1st Dist.] 1994, orig. proceeding). I disagree with the holding in *Chunn* and the case it relied on, *Louwien v. Dowell,* 534 S.W.2d 421 (Tex. App.—Dallas 1976, orig. proceeding). Both cases ignore the Supreme Court's holding in *Dunn* and are effectively overruled by the holding in *S & A Restaurant.*

In this case, the Wife revoked her consent after the court rendered judgment. It was too late. The Husband is entitled to his divorce and the property awarded in the settlement agreement. The Husband has consented to re-try the issues of regarding the children.