NUMBER 13-01-733-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS            

 

                                CORPUS CHRISTI

 

 



JOHN C. SPURLOCK,                                                           Appellant,

 

                                                   v.

 

WAYNE
SCOTT, ET AL.,                                                       Appellees.

 



 

                         On appeal from the 24th District Court

                                  of De
Witt County, Texas.

 



 

                                   O P I N I O N

 

                     Before Justices Hinojosa, Yañez, and Castillo

                                  Opinion by Justice Castillo

 








       Appellant John C. Spurlock is an inmate
proceeding pro se to challenge the trial court=s dismissal of his
suit for injunctive and monetary relief against several prison officials,
including Wayne Scott, then-executive director for the Texas Department of
Criminal Justice‑Institutional Division, two senior wardens of the
Stevenson Unit, an assistant warden in the Stevenson Unit, and seven other
prison wardens in the Stevenson Unit. 
Spurlock=s in forma pauperis claims were dismissed with prejudice for lack
of subject matter jurisdiction, without a hearing.  In two issues presented, Spurlock claims that
the district court abused its discretion in dismissing his claims with
prejudice without first ruling on his in forma pauperis
request and abused its discretion in dismissing the claims without first
conducting an evidentiary hearing.  We
modify the judgment and affirm as modified.

Factual Summary








       Spurlock is currently serving a prison
sentence with the Texas Department of Criminal Justice‑Institutional
Division.  He filed suit on May 10, 2000,
claiming a civil conspiracy existed between the appellees
to unlawfully interfere with and obstruct his access to the courts and deprive
him of the money in his inmate trust account. 
The alleged acts of appellees included
delaying and tampering with mail sent by Spurlock, denying him access to the
courts, threatening garnishment of his bank accounts, and Aterroristic threats@ to prevent Spurlock
from accessing his funds.  Spurlock=s complaints stem from
two civil suits brought against him by outside parties.  Spurlock employed the services of a fellow
inmate, James Bright, to assist him in legal matters related to these suits.[1]  Spurlock=s claim of conspiracy
includes his assertion that he was denied the right to counsel in these civil
suits by the appellees, who refused to allow Bright
to represent him in court on these matters and refused to allow Spurlock to
meet with Bright for the purpose of legal consultation.  Spurlock also consulted with Bright on the
transfer of funds from Spurlock=s inmate trust fund to
an outside account in the name of Bright=s sister‑in‑law,
so that Spurlock could use those funds. 
Bright effected the transfer of those funds and then refused to return
them to Spurlock.  Spurlock claims that
Bright=s actions were part of
a conspiracy between Bright and prison officials to defraud Spurlock of the
funds in his inmate account.  When he
complained to Bright about the money, Bright allegedly threatened the lives of Spurlock
and his family.  This action too,
according to Spurlock, was a result of the conspiracy against him.

       The appellees
filed a motion for dismissal for failure to comply with several requirements
under Chapter 14 of the Texas Civil Practice and Remedies Code[2]
including: the requirement that the inmate file an affidavit identifying each
suit that he had previously filed by the inmate pro se, the requirement
that the allegation of poverty included in the pauper=s affidavit be true,
the requirement that an inmate exhaust all administrative remedies prior to
initiating the lawsuit, and the requirement that an inmate attach a copy of the
administrative grievance decision.  The
trial court dismissed the lawsuit on September 28, 2001.








Standard of Review

       We review a trial court's dismissal of
an inmate's lawsuit filed in forma pauperis
under an abuse of discretion standard.  Thomas
v. Knight, 52 S.W.3d 292, 294 (Tex. App.BCorpus Christi 2001, pet. denied).  A court abuses its discretion if it acts
without reference to guiding rules or principles.  Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241‑42 (Tex. 1985); Knight, 52 S.W.3d at 294‑95.  Where the trial court has not specified the
grounds for dismissal in its dispositive order, the
order will be affirmed if any of the theories advanced in the motion to dismiss
supports the dismissal.  Walker v.
Gonzales County Sheriff=s Dep=t, 35 S.W.3d 157, 162
(Tex. App.BCorpus Christi 2000,
pet. denied). 

Application of Chapter
14

       In appellant=s first issue, he
argues that the trial court abused its discretion by dismissing his claims with
prejudice without first ruling on his in forma pauperis
request.  In effect, appellant is making
the argument that, because he was not yet found to be indigent, the requirements
of chapter 14 should not have been applied in this case.  We disagree.








       Chapter 14 of the Texas Civil Practice
and Remedies Code applies to any suit Abrought by an inmate
in a district, county, justice of the peace, or small claims court in which an
affidavit or unsworn declaration of inability to pay
costs is filed by the inmate.@ Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(a) (Vernon
Supp. 2002) (emphasis added).  The Adeclaration of
inability to pay costs@ filed by the
appellant on May 22, 2000 met the statutory definition of an unsworn declaration as applied to inmate suits.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 132.001 (Vernon
1997).  Appellant=s filing of his
declaration of inability to pay costs, therefore, triggered the application of
chapter 14, and its filing requirements apply to this case.

       Appellant=s first issue is overruled.  

Dismissal Without A
Fact Hearing

       In appellant=s second issue, he
argues that the trial court abused its discretion by not granting him a fact
hearing prior to dismissing his in forma pauperis
suit.  Appellant appeals both the trial
court=s decision to dismiss
and the lack of a fact hearing.  We find
that this issue lacks merit.  

       Appellees
moved to dismiss appellant=s suit for failure to
comply with the requirements of sections 14.003, 14.004, and 14.005 of the civil
practice and remedies code.  Section
14.003(a) states in relevant part that a court may dismiss an inmate=s in forma pauperis claim for three reasons: (1) the allegation of
poverty contained in the declaration of inability to pay costs is false; (2)
the claim was frivolous or malicious; or (3) the inmate filed an unsworn declaration that he knew to be false.   Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003(a) (Vernon
Supp. 2002).








       Section 14.003(b) lists reasons why a
claim may be found frivolous or malicious, and thus be dismissed, pursuant to
the second clause contained in 14.003(a). 
These reasons include: (1) the claim has only a slight realistic chance
of success; (2) the claim has no arguable basis in law or fact; (3) the inmate
cannot prove facts in support of his claim; or (4) the claim is substantially
similar to a previous claim filed by the inmate because both claims arise from
the same operative facts.   Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(b) (Vernon
Supp. 2002).

       Section 14.004 provides that:

(a) An inmate who
files an affidavit or unsworn declaration of
inability to pay costs shall file a separate affidavit or declaration:

 

(1) identifying each
suit, other than a suit under the Family Code, previously brought by the person
and in which the person was not represented by an attorney, without regard to
whether the person was an inmate at the time the suit was brought; and

 

(2) describing each
suit that was previously brought by:

 

(A) stating the
operative facts for which relief was sought;

 

(B) listing the case
name, cause number, and the court in which suit was brought; and

 

(C) stating the result
of the suit, including whether the suit was dismissed as frivolous or malicious
under Section 13.001 or Section 14.003 or otherwise.

 








Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004(a) (Vernon
Supp. 2002).  The filing requirements of
section 14.004 are designed to assist the trial court in curbing the flow of
frivolous inmate suits, and is an essential part of the process by which trial
courts accomplish this goal.  Hickson v. Moya,
926 S.W.2d 397, 399 (Tex. App.BWaco 1996, no
writ).  Where the inmate fails to comply
with the filing requirement detailed in section 14.004, the trial court is
entitled to assume that the suit is substantially similar to one previously
filed by the inmate, and therefore is frivolous.  Walker, 35 S.W.3d at 161 (quoting Jackson
v. Texas Dep=t of Crim. JusticeBInst. Div., 28 S.W.3d 811, 814
(Tex. App.BCorpus Christi 2000,
pet. denied)).  The failure to submit an
affidavit or declaration complying with section 14.004 is sufficient grounds
for a trial court to dismiss a suit as frivolous under section 14.003(b)(4).  Walker, 35 S.W.3d at 161; Bell v.
Texas Dep=t of Crim. JusticeBInst. Div., 962 S.W.2d 156, 158
(Tex. App.BHouston [14th Dist.]
1998, pet. denied); Hickson, 926 S.W.2d at
399.  








Appellant failed to
file an affidavit complying with the requirements of section 14.004 along with
his original petition and failed to file such an affidavit at any time prior to
the trial court=s dismissal of his
case as frivolous.[3]  Therefore, we find that the trial court did
not abuse its discretion in dismissing appellant=s suit as frivolous under section 14.003(a)(2),
based on the consideration listed in section 14.003(b)(4), due to appellant=s non-compliance with
the filing requirement contained in section 14.004.         Further, section 14.003 states that
the trial court, in making its determination whether to dismiss a case, may
hold a hearing.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(c) (Vernon
Supp. 2002) (emphasis added).  This
hearing may be held Abefore or after
service of process.@  Id.  The use of the term Amay@ clearly indicates
that the trial court has discretion in deciding whether to hold a hearing or
not; therefore, it was not incumbent upon the court to conduct a hearing before
dismissing appellant=s case.  See Thomas v. Wichita Gen. Hosp., 952 S.W.2d
936, 938 (Tex. App.BFort Worth 1997, pet.
denied) (finding that the term Amay@ used in section
14.003(c) indicated that the trial court=s decision to hold a
hearing was discretionary).  

Therefore, appellant=s second issue as it
pertains to dismissal of the lawsuit is overruled.

Dismissal with
Prejudice

       Appellant also arguably contends in his
second issue that the trial court abused its discretion by dismissing his claim
with prejudice.  Dismissal with prejudice
functions as a final determination on the merits and operates as if the case
had been fully tried and decided.  Ritchey
v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999); Hickman v. Adams, 35
S.W.3d 120, 124 (Tex. App.BCorpus Christi 2000,
no pet.).  An order of dismissal with
prejudice thus has full res judicata
and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between
the same parties.  Hickman, 35
S.W.3d at 124; Lentworth v. Trahan, 981
S.W.2d 720, 722 (Tex. App.BHouston [1st. Dist.]
1998, no pet.); see also McConnell v. Attorney Gen., 878 S.W.2d 281, 283
(Tex. App.BCorpus Christi 1994,
no writ).  Dismissal with prejudice is
proper in one of the following situations:

(1)  as a sanction for abuse of discovery under
Texas Rule of Civil Procedure  215;  

(2)  when the plaintiff fails to amend deficient
pleadings when given the opportunity.  Hubler v. City of Corpus Christi, 564 S.W.2d
816, 823 (Tex. App.BCorpus Christi 1978,
writ ref=d n.r.e.);









(3)  for a violation of a pretrial order.  Koslows v. Mackie,
796 S.W.2d 700, 704 (Tex. 1990); or

(4)  on agreement of the parties.  See generally Golodetz
Trading Corp. v. Curland, 886 S.W.2d 503, 504‑05
(Tex. App.BHouston [1st Dist.]
1994, no writ).  

Lentworth, 981 S.W.2d at 722‑23.  Lastly, when a suit is barred by sovereign
immunity, dismissal with prejudice for want of jurisdiction is proper.  University of Tex. Med. Branch v. Hohman, 6 S.W.3d 767, 771 (Tex. App.BHouston [1st Dist.]
1999, pet. dism'd w.o.j.).

       Appellant=s claim does not fall under any of the categories
that are appropriate for dismissal with prejudice.  Hohman, 6
S.W.3d at 771; Lentworth , 981 S.W.2d at 722‑23.  Failure to comply with the conditions set out
in section 14.004 does not warrant dismissal with prejudice.  Knight, 53 S.W.3d at 295.  Where the inmate=s error could be
remedied through more specific pleading, dismissal should be made without
prejudice, in order to allow the inmate the opportunity to remedy the
error.  Id.  

Conclusion

       Accordingly, we modify the judgment to
provide that the cause is dismissed without prejudice.  As modified, we affirm the judgment.                    

 

ERRLINDA CASTILLO

Justice

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this
9th day of May, 2002.

 











[1] Bright
is a non‑attorney who, according to Spurlock, claimed to have paralegal
experience.





[2] Tex. Civ. Prac. & Rem. Code Ann.
' 14.001-.014
(Vernon Supp. 2002).  Chapter 14 is a
statute that was enacted by the Texas Legislature in 1995 to regulate and limit
the flow of frivolous inmate litigation. 
Walker v. Gonzales County Sheriff=s
Dep=t,
35 S.W.3d 157, 160 (Tex. App.BCorpus
Christi 2000, pet. denied) (citing Hickson
v. Moya, 926 S.W.2d 397, 399 (Tex. App.BWaco
1996, no writ)). It applies to all cases in which the inmate has filed an
affidavit or unsworn declaration of inability to
pay.  Tex.
Civ. Prac. & Rem. Code Ann. '
14.002(a) (Vernon Supp. 2002).





[3] Subsequent
to dismissal of this suit by the trial court, on October 9, 2001, the appellant
filed an affidavit purporting to list his prior lawsuits in compliance with
section 14.004.