**PARKING COMPANY OF AMERICA, Fort Worth, Inc. and Parking Company of America, Inc., Petitioners,**

v.

**Stevan WILSON, Respondent.**

**No. 00–1014.**

Supreme Court of Texas.

Sept. 20, 2001.

Mark H. How, Short, How, Frels & Heitz, Dallas, for petitioner.

David L. Paschall, E. Eldridge Goins, Jr., Goins, Underkofler, Crawford & Langdon, Dallas, for respondent.

PER CURIAM.

Respondent Stevan Wilson sued petitioners Parking Co. of America, Fort Worth, Inc. and Parking Co. of America, Inc. for an accounting and for breach of his employment agreement, claiming damages and attorney fees. Wilson moved for summary judgment on all issues, and the trial court signed an order entitled "Partial Summary Judgment" reciting that the court was "of the opinion Plaintiff's Motion for Summary Judgment should be granted in part and denied in part." The order concluded that defendants had breached their contract with Wilson and awarded actual damages. The order did not mention Wilson's accounting action or his claim for attorney fees but contained a "Mother Hubbard" clause stating that "all other relief requested is hereby denied." Wilson nonsuited his action for an accounting, and the issue of attorney fees was tried to the bench. Eventually the court signed what it entitled a "Final Judgment" that incorporated the partial summary judgment and awarded attorney fees. The defendants timely appealed from this judgment, but the court of appeals dismissed the appeal for want of jurisdiction, holding that the order granting partial summary judgment was made final by the inclusion of "Mother Hubbard" language and that no appeal from that order was timely perfected. 57 S.W.3d 1. Since then, we have held in *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191 (Tex.2001), that such language does not make final an order issued before trial. Under *Lehmann,* the trial court's order granting partial summary judgment was clearly interlocutory, and appeal from the trial court's final judgment was therefore timely perfected. Accordingly, the Court grants the petition for review, and without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court for consideration of the parties' other arguments. Tex.R.App. P. 59.1.