NO. 07-06-0181-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 5, 2006



______________________________




JOHNNY RODRIGUEZ, JR., APPELLANT



V.



JOHN LEZA, APPELLEE




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-532,015; HONORABLE SAM MEDINA, JUDGE



_______________________________



Before QUINN, C.J., and CAMPBELL, J. and BOYD, S.J. (1)

ON MOTION TO DISMISS


 Appellee John Leza filed suit against appellant Johnny Rodriguez, Jr. alleging
breach of a mediation agreement in an underlying lawsuit and seeking recovery of
attorney's fees. Rodriguez filed a general denial and counterclaim for attorney's fees. By
motion for summary judgment, Leza requested, among other relief, future attorney's fees
from the period of the filing of the motion to completion. The trial court entered an order
entitled "Order Granting Partial Motion for Summary Judgment," which Rodriguez
appealed. Pending before us is Leza's motion to dismiss this appeal for want of
jurisdiction. We grant the motion.

 By his motion to dismiss, Leza maintains the trial court's order is not a final,
appealable order for several reasons. He contends the order does not dispose of every
pending claim; it granted only one portion of his motion and denied the remainder; it is
entitled a partial summary judgment; and it did not dispose of Rodriguez's counterclaim for
attorney's fees. 

 By his response to the motion to dismiss, Rodriguez asserts that under Lehmann
v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001), the trial court's order is final and appealable. 
He argues the order disposes of all claims with regard to all parties and that the inclusion
of the word "partial" in the title is not relevant.

 We recognize that in determining finality we are to err on the side of preserving
appeals by ensuring the right to appeal is not lost by overly technical application of the law. 
Id. at 205. This principle should guide in determining whether an order is final. Id. "A
judgment issued without a conventional trial on the merits is final for purposes of appeal
if and only if either it actually disposes of all claims and parties then before the court,
regardless of its language, or it states with unmistakable clarity that it is a final judgment
as to all claims and all parties." Id. at 192-93. In other words, there must be some 
indication that the trial court intended the order to dispose of the entire case. Id. at 205. 
A determination of finality may require looking not only at the four corners of the order, but
also at the appellate record as a whole to determine which claims were asserted or
addressed, or which the court intended to address. Id. at 205-06.

 The trial court's order provides in relevant part:

 Upon consideration, the Court is of the opinion that the motion should be
GRANTED IN PART and DENIED IN PART.

 THE COURT GRANTS Plaintiff's motion and finds that the Mediation
Agreement entered into on September 30, 2003, is enforceable and that
Defendant's failure to comply with the Mediation Agreement has produced
damages to Plaintiff in the way of attorney's fees. 

 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that
Plaintiff be awarded attorney's fees in the amount of Seven Thousand
Seventy-Eight and 30/100 Dollars ($7,078.30), which reflect those
attorney's fees that were incurred from the date of the mediation of the
underlying case through the date of the filing of Plaintiff's Motion for
Summary Judgment. The Court finds that such attorney's fees incurred were
reasonable and necessary and were a direct and proximate result of
Defendant's failure to abide by the terms of the Mediation Agreement in
question.

 With regard to Plaintiff's claim for future attorney's fees incurred after
the filing of Plaintiff's motion for summary judgment, at this time, the Court
DENIES that claim pending any action taken by Defendant with regard to an
appeal of this Order.


The order concludes that "[a]ll other relief not specifically granted herein is denied."

 The order was signed on March 31, 2006. Rodriguez filed a notice of appeal on
April 28, 2006, and on May 17, 2006, by Notice of Intent to Dismiss - No Final Order, the
trial court notified the parties that the case was subject to dismissal for want of prosecution. 

 Although the order contains a Mother Hubbard clause, Lehmann held that inclusion
of such a clause does not indicate finality for appellate purposes where a judgment is
rendered without a conventional trial on the merits. 39 S.W.3d at 192, 203-04. The order
does not dispose of Rodriguez's counterclaim for attorney's fees. See McNally v. Guevara,
52 S.W.3d 195, 196 (Tex. 2001) (per curiam) (defendant's counterclaim for attorney's fees
not disposed of in trial court's judgment). Neither does it recite with unmistakable clarity
that it is final as to all claims and all parties. Additionally, the trial court's notice of intent
to dismiss for want of prosecution demonstrates it did not intend for the order to dispose
of the entire case. Our review of the entire record, the language of the order granting
partial summary judgment, and the claims asserted by both parties demonstrates the
March 31, 2006 order was interlocutory and thus not appealable. See generally Parking
Co. of Am. v. Wilson, 58 S.W.3d 742 (Tex. 2001) (per curiam) (concluding the trial court's
order granting partial summary judgment which included a Mother Hubbard clause was
interlocutory). 

 Accordingly, we dismiss this appeal for want of jurisdiction.

 James T. Campbell

 Justice 

Quinn, C.J., not participating.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



a party relies on an agent or
representative to respond to a suit, the party must establish that the failure was not
intentional or the result of conscious indifference of either the party or the agent. Estate
of Pollack v. McMurrey, 858 S.W.2d 388, 391 (Tex. 1993).

 Osuji has failed to establish the first prong of Craddock. Consequently, he cannot
establish the denial of his motion for new trial was an abuse of discretion. Unlike a no-answer default judgment, the failure of a defendant to appear after filing an answer does
not constitute an abandonment of their answer or confession of the issues placed in
controversy by the general denial. Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex.
1979). The plaintiff must produce evidence establishing his claims. Id. We must,
therefore, review Osuji's challenges to the sufficiency of the evidence.

 Osuji argues that "the record fails to show any evidence introduced at trial." A
reporter's record from the March 28, 2001 trial is part of the record on appeal. It consists
of a mere two pages of testimony from Guerrero. In that brief testimony, he recites the
existence of a partnership and the allocation of duties between the partners. He testified
that he performed under the partnership agreement and that Osuji did not perform the
duties to which he agreed, other than accepting payments. Guerrero also testified that he
was entitled to $7,000 under the partnership agreement and had made a demand on Osuji
for payment. The trial court's judgment conformed to this evidence and the pleadings. 
Osuji failed to request findings of fact and conclusions of law. In a non-jury trial, where
findings of fact and conclusions of law are neither filed nor requested, it is implied that the
trial court made all the necessary findings to support its judgment. Holt Atherton Indus.,
Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992). 

 Osuji cites sections 21 and 22 of the Texas Uniform Partnership Act, Tex. Rev. Civ.
Stat. Ann. art. 6132b (Vernon 1970), for the proposition that his sole remedy for breach of
the partnership agreement was an action for an accounting. However, this statute has
expired. Tex. Rev. Civ. Stat. Ann. art. 6132b (Vernon Supp. 2003). It has been
superceded by article 6132b-4.06(b) (Vernon Supp. 2003), which provides a partner may
maintain and action against another partner, "with or without an accounting as to
partnership business,[] to enforce a right under the partnership agreement." Id. 

 Finding no merit in Osuji's complaints, we overrule them and affirm the judgment of
the trial court.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002).