NO. 07-06-0181-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 5, 2006

_____

JOHNNY RODRIGUEZ, JR., APPELLANT

V.

JOHN LEZA, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-532,015; HONORABLE SAM MEDINA, JUDGE

_____

Before QUINN, C.J., and CAMPBELL, J. and BOYD, S.J.[1]

**ON MOTION TO DISMISS**

Appellee John Leza filed suit against appellant Johnny Rodriguez, Jr. alleging

breach of a mediation agreement in an underlying lawsuit and seeking recovery of

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.

attorney's fees. Rodriguez filed a general denial and counterclaim for attorney's fees. By motion for summary judgment, Leza requested, among other relief, future attorney's fees from the period of the filing of the motion to completion. The trial court entered an order entitled "Order Granting Partial Motion for Summary Judgment," which Rodriguez appealed. Pending before us is Leza's motion to dismiss this appeal for want of jurisdiction. We grant the motion.

By his motion to dismiss, Leza maintains the trial court's order is not a final, appealable order for several reasons. He contends the order does not dispose of every pending claim; it granted only one portion of his motion and denied the remainder; it is entitled a partial summary judgment; and it did not dispose of Rodriguez's counterclaim for attorney's fees.

By his response to the motion to dismiss, Rodriguez asserts that under *Lehmann v. Har-Con Corp*., 39 S.W.3d 191 (Tex. 2001), the trial court's order is final and appealable. He argues the order disposes of all claims with regard to all parties and that the inclusion of the word "partial" in the title is not relevant.

We recognize that in determining finality we are to err on the side of preserving appeals by ensuring the right to appeal is not lost by overly technical application of the law. *Id.* at 205. This principle should guide in determining whether an order is final. *Id.* "A judgment issued without a conventional trial on the merits is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court,

2

regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id*. at 192-93. In other words, there must be some indication that the trial court intended the order to dispose of the entire case. *Id.* at 205. A determination of finality may require looking not only at the four corners of the order, but also at the appellate record as a whole to determine which claims were asserted or addressed, or which the court intended to address. *Id*. at 205-06.

> The trial court's order provides in relevant part:

> Upon consideration, the Court is of the opinion that the motion should be GRANTED IN PART and DENIED IN PART.

> THE COURT GRANTS Plaintiff's motion and finds that the Mediation Agreement entered into on September 30, 2003, is enforceable and that Defendant's failure to comply with the Mediation Agreement has produced damages to Plaintiff in the way of attorney's fees.

> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff be awarded attorney's fees in the amount of **Seven Thousand Seventy-Eight and 30/100 Dollars ($7,078.30)**, which reflect those attorney's fees that were incurred from the date of the mediation of the underlying case through the date of the filing of Plaintiff's Motion for Summary Judgment. The Court finds that such attorney's fees incurred were reasonable and necessary and were a direct and proximate result of Defendant's failure to abide by the terms of the Mediation Agreement in question.

> With regard to Plaintiff's claim for future attorney's fees incurred after the filing of Plaintiff's motion for summary judgment, at this time, the Court DENIES that claim pending any action taken by Defendant with regard to an appeal of this Order.

The order concludes that "[a]ll other relief not specifically granted herein is denied."

The order was signed on March 31, 2006. Rodriguez filed a notice of appeal on April 28, 2006, and on May 17, 2006, by Notice of Intent to Dismiss – No Final Order, the trial court notified the parties that the case was subject to dismissal for want of prosecution.

Although the order contains a Mother Hubbard clause, *Lehmann* held that inclusion of such a clause does not indicate finality for appellate purposes where a judgment is rendered without a conventional trial on the merits. 39 S.W.3d at 192, 203-04. The order does not dispose of Rodriguez's counterclaim for attorney's fees. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (per curiam) (defendant's counterclaim for attorney's fees not disposed of in trial court's judgment). Neither does it recite with unmistakable clarity that it is final as to all claims and all parties. Additionally, the trial court's notice of intent to dismiss for want of prosecution demonstrates it did not intend for the order to dispose of the entire case. Our review of the entire record, the language of the order granting partial summary judgment, and the claims asserted by both parties demonstrates the March 31, 2006 order was interlocutory and thus not appealable. *See generally Parking Co. of Am. v. Wilson*, 58 S.W.3d 742 (Tex. 2001) (per curiam) (concluding the trial court's order granting partial summary judgment which included a Mother Hubbard clause was interlocutory).

Accordingly, we dismiss this appeal for want of jurisdiction.

James T. Campbell
Justice

Quinn, C.J., not participating.

4