In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-322 CV


 ______________________


 

TARGET CORPORATION, Appellant



V.



ADVANCED ALARM SYSTEMS, INC. AND 


KNIGHT SECURITY SYSTEMS, INC., Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Cause No. A-175292






MEMORANDUM OPINION


 Advanced Alarm Systems, Inc. sued Knight Security Systems, Inc. for breach of
contract regarding a construction project for appellant Target Corporation. Later, Advanced
Alarm amended its petition to sue Target for foreclosure of a mechanic's lien that Advanced
Alarm had filed against Target's property. See Tex. Prop. Code Ann. §§ 53.052, 53.154 
(Vernon Supp. 2006 & Vernon 1995). Target filed a "Summary Motion to Remove Invalid
or Unenforceable Lien." Target's "Summary Motion" also requested attorney's fees under
section 53.156 of the Property Code. See Tex. Prop. Code Ann. § 53.156 (Vernon 1995). 
 The trial court denied the fee request, and Target filed this appeal. We affirm the trial
court's judgment.

 At a May 24, 2006, hearing on Target's motion to remove the lien, Advanced Alarm 
announced to the trial judge that Knight and Advanced Alarm had settled their dispute. 
Conditioned on release of the mechanic's lien, the trial court declined to take any action on
Target's motion and denied Target's request for attorney's fees. Subsequently, the lien was
released. 

 On May 31, 2006, the trial judge signed an "Agreed Take-Nothing Judgment" that
expressly disposed of the dispute between Knight and Advanced Alarm. The agreed
judgment did not mention Target. Also on May 31, 2006, Advanced Alarm electronically
filed a non-suit of Knight and Target. 

 In issue one, Target argues this Court has jurisdiction over this appeal. In a motion
to dismiss Target's appeal, Advanced Alarm argues this Court does not have jurisdiction,
because the agreed judgment from which Target appeals does not dispose of all claims and
parties in the case. Advanced Alarm also points out that Target's notice of appeal expressly
refers only to an appeal from the May 31, 2006, agreed take-nothing judgment that contains
no reference to Target. 

 We abated the appeal and requested a clarification by the trial court of whether the
court had disposed of all the parties' claims. The trial court responded with an order
requiring that the appellate record be supplemented with the non-suit Advanced Alarm had
electronically filed on May 31, 2006. On abatement, the trial judge concluded the Agreed
Take-Nothing Judgment and the non-suit together constitute a final and appealable judgment.
See generally Wembley Inv. Co. v. Herrera, 11 S.W.3d 924, 928 (Tex. 1999) (Order non-suiting last defendants made earlier default judgment as to other defendants final.); see
generally Parking Co. of Am. v. Wilson, 58 S.W.3d 742, 742 (Tex. 2001) (Judgment signed
after trial of last claim made earlier partial summary judgment final.). The trial court's order
states, "With the addition of this instrument, the Court believes this matter to be appealable." 
We lifted the abatement order. Based on the Agreed Take-Nothing Judgment, the non-suit,
and the trial court's clarification order, we conclude the judgment is final. The notice of
appeal is sufficient and we have jurisdiction. We deny appellee's motion to dismiss the
appeal, as well as is its request for damages and costs for filing a frivolous appeal. 

 In issue two, Target argues the trial court should not have allowed the case to be
electronically dismissed as "disposed" while Target's claim for affirmative relief in its
motion to remove the lien was pending. Rule 162 of the Rules of Civil Procedure provides
in part as follows:

 At any time before the plaintiff has introduced all of his evidence other than
rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit. . . . 

 Any dismissal pursuant to this rule shall not prejudice the right of an adverse
party to be heard on a pending claim for affirmative relief or excuse the
payment of all costs taxed by the clerk. A dismissal under this rule shall have
no effect on any motion for sanctions, attorney's fees or other costs, pending
at the time of dismissal, as determined by the court.


Tex. R. Civ. P. 162. The removal of the lien rendered Target's request for removal moot, but
Target's motion also contained an attorney's fee request, supported by an affidavit, that
Target argues was still pending. 

 The record reflects the attorney's fee request was not pending, however, when the
non-suit was filed. The trial judge denied (1) the attorney's fee request at the hearing, as the
following excerpt from the record reflects: 

 The Court: . . . At this point, I decline to award attorneys fees. I decline to
award attorneys fees at this point if the matter is consensually resolved. It
sounds to me like everybody has taken a little whipping; and if the lien is
withdrawn or removed within one week, that is by Wednesday, May the 31st,
I will consider the matter resolved and will not award attorneys fees. If it's not
removed by then, then I will set the matter for further hearing and consider
your claim for attorneys fees. 


Nothing was left for the trial court to resolve after the removal of the lien, because the court
awarded no attorney's fees in that event. Permitting the non-suit, or electronically
"disposing" of the case, was not error. Issue two is overruled.

 In issues three and four, Target argues the trial judge abused his discretion in denying
Target's Request for Findings of Fact and Conclusions of Law and in failing to award
attorney's fees. A trial court's failure to respond to a timely, proper request for findings of
fact is error and is presumed harmful unless the record affirmatively shows that the
complaining party has suffered no harm. See Cherne Indus., Inc. v. Magallanes, 763 S.W.2d
768, 772 (Tex. 1989); see also Doncaster v. Hernaiz, 161 S.W.3d 594, 607 (Tex. App. --San
Antonio 2005, no pet.). In determining harm, the reviewing court considers whether the
circumstances of the particular case would force an appellant to guess the reason or reasons
that the trial court ruled against it. See Humphrey v. Camelot Ret. Cmty., 893 S.W.2d 55, 61
(Tex. App.--Corpus Christi 1994, no writ). The record reveals Target would not have had
to guess at the reason for the trial court's denial of attorney's fees. In effect, the trial court
decided that a just and equitable resolution of the attorney's fee issue was to have the parties
pay their own attorney's fees. We do not find reversible error in the failure to file findings
of fact and conclusions of law under the circumstances.

 The question presented is whether the trial abused its discretion in denying Target's
request for attorney's fees. The test for abuse of discretion is whether the trial court acted
without reference to any guiding rules and principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241 (Tex. 1985); see also In re B.B.R., 188 S.W.3d 341, 345 (Tex.
App.--Fort Worth 2006, no pet.). The circumstances of the case are considered. The suit
was initially between two contractors on the construction project. To protect its lien,
Advanced Alarm brought in Target as a party. The parties exchanged some discovery. 
Target filed a motion to remove the lien and included a request for attorney's fees. The
contractors settled their dispute. The lien was removed, and Target was non-suited. 

 Section 53.156 provides that "the court may award costs and reasonable attorney's
fees as are equitable and just." Tex. Prop. Code § 53.156 (Vernon 1995). "May" does not
impose a mandatory duty, and the trial court considers what is "equitable and just" under the
circumstances. See Texas Wood Mill Cabinets, Inc. v. Butter, 117 S.W.3d 98, 107 (Tex.
App.--Tyler 2003, no pet.) (award of attorney's fees under section 53.156 discretionary, not
mandatory). Even if "breasonable" attorney's fees are statutorily permitted, the trial court
has discretion, under appropriate circumstances, to deny an award altogether. Under the
circumstances in this case, Target has not demonstrated an abuse of that discretion in the trial
court's denial of its request for attorney's fees. Issue four is overruled. 

 The trial court's judgment is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on January 25, 2007

Opinion Delivered June 7, 2007 


Before Gaultney, Kreger, and Horton, JJ. 
1. Target complains the denial of attorney's fees was not in a written order. However,
a court reporter transcribed the hearing on the motion to remove the lien, and the denial of
the attorney's fees is contained in the reporter's record.