**Affirmed and Memorandum Opinion filed June 30, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00410-CV

## EUGENE L. BUTLER, ROBERT E. CHAMBERLAIN, RONALD E. SMITH AND SHIP AND SAIL, INC., Appellants

## V.

## AMEGY BANK, N.A., SUCCESSOR TO MAXIMBANK, Appellee

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-62225**

## M E M O R A N D U M   O P I N I O N

Appellee Amegy Bank, N.A. sued appellants Ship and Sail, Inc. and individual guarantors—Eugene Butler, Robert Chamberlain, and Ronald Smith— for breach of contract and attorney's fees based on a loan agreement. Appellants contend the trial court reversibly erred by signing an agreed judgment without adequate time for appellants to respond under a local rule requiring motions to be set at least ten days after filing. Amegy contends this court lacks jurisdiction

because appellants filed a late notice of appeal. We conclude that we have jurisdiction, but any error below is harmless. Thus, we affirm.

## I. BACKGROUND

In its live petition, Amegy sought recovery of damages for breach of contract and attorney's fees under Section 38.001 of the Texas Civil Practice and Remedies Code. The guarantors answered the suit. The record does not contain an answer for Ship and Sail.

On the day set for trial in January 2014, all parties except Ship and Sail appeared.[1] The trial court orally rendered an agreed judgment based on a settlement between Amegy and the guarantors. According to the agreement, Amegy would recover $550,000 from the guarantors, plus interest and costs. The parties also agreed that the trial court would not sign a written judgment against the guarantors, however, until Amegy made a "demand" for the trial court to sign it. In the meantime, the guarantors would make payments to Amegy and attempt to sell off some stock to pay the judgment by December 31, 2014.[2]

In May 2014, the trial court signed a judgment titled "partial agreed judgment." The judgment states that Ship and Sail "has not appeared or answered

---

[1] Appellee notes in its brief, "Ship and Sail did not appear and did not answer."

[2] The trial court's oral rendition of judgment appears in part as follows:

> The Court therefore renders judgment based on the settlement agreement that has been arrived at between the parties and upon demand of counsel pursuant to the agreement of parties will memorialize the judgment at such time as it becomes necessary. . . . Just for purposes of the record, the case is called to trial. The Court has rendered judgment on the settlement of the parties. . . . The Court renders judgment on the settlement, awaits instructions from counsel pursuant to the agreements of the parties. . . . We will go ahead and put this down for entry of judgment deadline of one—the first week of January of 2015. I think that resolves everything, correct?

Attorneys for Amegy and several guarantors agreed the trial court's judgment resolved everything.

2

herein and has wholly made default."[3]  The judgment further states, "The parties announced that they had agreed to the entry of a judgment in favor of Amegy Bank N.A. against Ship and Sail, Inc." for $550,000 in actual damages, pre- and post-judgment interest, and costs.  The judgment concludes with a Mother Hubbard clause: "All relief not expressly granted herein is denied."  The document is signed by the attorney for Amegy and an attorney for the guarantors.[4]

On January 5, 2015, Amegy made its demand for the signed judgment against the guarantors by filing a "motion for entry of agreed judgment."  Amegy set the motion for submission on January 12.  On January 7, the trial court signed an agreed judgment against the guarantors for $550,000 in actual damages and pre- and post-judgment interest.  The judgment states that all costs are adjudged against Ship and Sail.  The judgment concludes with a Mother Hubbard clause.

On January 12, appellants filed a "motion to temporarily vacate agreed judgment."  In the motion, appellants complained that the trial court violated Local Rule 3.3.3, which requires motions to be set for written submission "at least 10 days from filing, except on leave of court."  Harris Cty. (Tex.) Civ. Trial Div. Dist. Ct. Loc. R. 3.3.3.  Appellants complained that they were not afforded an opportunity to respond to Amegy's motion.  Appellants asked the court to vacate the agreed judgment and "extend the submission period for 30-days to allow the parties to respond."

---

[3] On appeal, Amegy sometimes refers to this judgment as an "agreed default judgment." Amegy also refers to it simply as a "default judgment," which Ship and Sail failed to adequately challenge under *Craddock*.  *See Craddock v. Sunshine Bus Lines*, 133 S.W.2d 124, 126 (Tex. 1939).  *See generally, e.g.*, *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 309–10 (Tex. 2012).  The docket sheet refers to the judgment as an "interlocutory default judgment."

[4] It appears from the Clerk's Record that Amegy also filed a motion to sever the case against Ship and Sail from the case against the guarantors.  The motion is not in the Clerk's Record, but the trial court signed an order denying the motion on July 14.

One hundred five days after January 7, appellants filed their notice of appeal. This court granted appellants' motion to extend time for the filing of the notice of appeal.[5]

On appeal, appellants contend the trial court erred by violating Local Rule 3.3.3. Amegy challenges this court's jurisdiction. We address the jurisdictional arguments first and then turn to appellants' complaint. *See, e.g.*, *SJ Med. Ctr., L.L.C. v. Estahbanati*, 418 S.W.3d 867, 870 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Because a question has been raised as to whether this court has appellate jurisdiction, we must address that threshold issue before considering the merits of this appeal.").

## II.    JURISDICTION

A timely filed notice of appeal invokes this court's jurisdiction. *See In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013). Amegy contends that appellants did not timely file a notice of appeal to confer this court with jurisdiction because (1) the May 2014 written judgment against Ship and Sail was the final judgment as it disposed of all the remaining claims and parties; or (2) if the January 2015 judgment was the final judgment, then the guarantors' "motion to temporarily vacate agreed judgment" did not extend the appellate timetable.

We hold that the May 2014 judgment was not final, the January 2015 judgment was final, and the guarantors' postjudgment motion extended the appellate timetable.

---

[5] *See* Tex. R. App. P. 26.1(a) (notice of appeal must be filed within ninety days after the judgment is signed if a party timely files a motion for new trial or motion to modify the judgment); Tex. R. App. P. 26.3 (appellate court may extend the time to file a notice of appeal if the party files its notice of appeal and a motion for extension of time within fifteen days after the deadline for filing the notice of appeal).

4

## A. The May 2014 Judgment Was Not Final.

Amegy contends the May 2014 written judgment was final because the January 2014 oral judgment rendered against the guarantors merged with the May 2014 judgment signed against Ship and Sail, so the May 2014 signed judgment disposed of the only remaining claim and was the final judgment. And thus, appellants' notice of appeal filed in April 2015 was late. *See* Tex. R. App. P. 26.1(a).

Generally, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In most cases, such as this one, there can be only one final judgment. *See* Tex. R. Civ. 301.

As authority for its position that the May judgment is the final judgment because it merged with a prior oral rendition, Amegy cites *Parking Co. v. Wilson*, 58 S.W.3d 742, 742 (Tex. 2001). But *Parking Co.* had nothing to do with the merger of judgments or, in particular, oral judgments. *See id.* (holding that the partial summary judgment was interlocutory even though it contained a Mother Hubbard clause). *Parking Co.* is inapposite.

Amegy contends that the May 2014 judgment disposed of the sole remaining claim in the suit, so the May 2014 judgment was final. *See Lehmann*, 39 S.W.3d at 204 ("Thus, an order that grants a motion for partial summary judgment is final if in fact it disposes of the only remaining issue and party in the case, even if the order does not say that it is final, indeed even if it says it is not final."). The referenced *Lehmann* analysis occurs when a judgment is signed without a conventional trial on the merits. *See id.* at 205. However, because this case was

regularly set for a conventional trial on the merits before the trial court signed the judgment, we look to the *Aldridge* presumption.[6]

The *Aldridge* presumption is: "When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for conventional trial on the merits, no order for separate trial of issues having been entered . . . , it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties." *N. E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966), *quoted in Lehmann*, 39 S.W.3d at 198.

In *Aldridge*, the trial court had granted a partial summary judgment in favor of the plaintiff on liability. *Id.* at 895. The case was set for trial in October 1964, and on October 5 the parties "entered into a written stipulation" about the amount of damages. *Id.* "Thereupon, the court rendered judgment that [the plaintiff]

---

[6] If there was no trial on the merits here, the judgment would be interlocutory under *Lehmann* regardless. The May 2014 judgment—titled "partial agreed judgment"—did not expressly dispose of Amegy's request for attorney's fees from Ship and Sail or any of the claims against the guarantors. *See Youngblood & Assocs., P.L.L.C. v. Duhon*, 57 S.W.3d 63 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (judgment not final even though it was labeled "final summary judgment," included a Mother Hubbard clause, and awarded pre- and post-judgment interest, because the plaintiff requested attorney's fees and the judgment contained no award of attorney's fees). The Mother Hubbard clause would provide no indicia of finality under these circumstances, so we cannot assume the trial court intended to deny relief on the remaining claims based on the Mother Hubbard clause. *See, e.g.*, *Lehmann*, 39 S.W.3d at 204 ("[D]enying the standard Mother Hubbard clause of any indicia of finality in any order not issued after a conventional trial . . . ."); *see also In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 828–29 (Tex. 2005) (orig. proceeding) (holding that the default judgment was not final even though it contained a Mother Hubbard clause because the plaintiff sought to recover actual and exemplary damages, but the default judgment was silent about exemplary damages); *Flores v. Sandoval*, No. 01-02-01197-CV, 2004 WL 966328, at *1–2 & n.3 (Tex. App.—Houston [1st Dist.] May 6, 2004, no pet.) (mem. op.) (holding that an agreed judgment was not final even though it contained finality language and a Mother Hubbard clause because the judgment did not dispose of one party; expressly denying any indicia of finality based on the Mother Hubbard clause). Therefore, if there was no trial on the merits here, the May 2014 judgment did not dispose of every claim in the case.

recover of and from [the defendant] the sum of $30,000.00 with interest and costs." *Id.* And, the judgment was approved as to form by the parties. *Id.* The judgment did not specifically address the plaintiff's claim against a third-party defendant. *Id.* *Aldridge* held that the judgment was final because it was rendered after the case was "regularly set for conventional trial on the merits." *Id.* at 897–98.

Amegy and the guarantors appeared for trial in January 2014. The parties reached a settlement. The trial court left no doubt about what happened next: "Just for purposes of the record, the case is called to trial. The Court has rendered judgment on the settlement of the parties." As in *Aldridge*, when the parties appear for trial and reach a settlement, and thereupon the court renders judgment, there has been a conventional trial on the merits. *See id.* at 895, 898; *see also In re M.G.F.*, No. 04-15-00591-CV, 2016 WL 519650, at \*1–2 ((Tex. App.—San Antonio Feb. 10, 2016, no pet.) (mem. op.) (applying *Aldridge* and its progeny when, on the date of trial, the parties filed a Rule 11 agreement and the trial court signed an order that "wholly incorporated" the Rule 11 agreement). Even the May 2014 judgment itself states, "Came on for trial the above entitled and numbered cause."

Thus, the May 2014 judgment is presumptively final for purposes of starting the appellate timetable because the trial court signed it after a trial on the merits. *See Garza v. Tex. Alcoholic Beverage Com'n*, 89 S.W.3d 1, 9 (Tex. 2002) (citing *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995)) (holding that the "appellate timetable runs from the date the district court signs the judgment, rather than from the date the judgment is rendered"); *see also Alcantar v. Okla. Nat'l Bank*, 47 S.W.3d 815, 821 (Tex. App.—Fort Worth 2001, no pet.) (noting that the date the trial court signs the judgment determines when a notice of appeal must be filed).

7

But the Texas Supreme Court "does not disagree" with the notion that this presumption "should not be rigidly applied to make judgments final contrary to the litigants' reasonable expectations." *John v. Marshall Health Servs., Inc.*, 58 S.W.3d 738, 740 (Tex. 2001). Accordingly, the presumption is rebuttable; it applies "in the absence of a contrary showing in the record." *Aldridge*, 400 S.W.2d at 898; *see Vaughn v. Drennon*, 324 S.W.3d 560, 563 (Tex. 2010) (reviewing the record to determine if the *Aldridge* presumption was warranted).[7] "If there is any doubt as to the judgment's finality, then finality must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Vaughn*, 324 S.W.3d at 563 (quotation and alterations omitted).

This record rebuts the presumption of finality for the May 2014 judgment. At the January 2014 trial, the court expressly incorporated the settling parties' agreement in its oral rendition of judgment against the guarantors. The court said it would "not memorialize that judgment until such time as counsel brings it to the Court's attention . . . on your demand." The court said it would "await[] instructions from counsel pursuant to the agreement of the parties." And the court "put this down for entry of judgment deadline of one—the first week of January of 2015." The trial court's May 2014 judgment is against Ship and Sail and is titled "partial"—in fact, "partial" is handwritten. And of course, the trial court actually signed another judgment in January 2015 against the guarantors. After the guarantors filed their motion to vacate, the trial court signed an order denying the

---

[7] *See also Lehmann*, 39 S.W.3d at 219 (Baker, J., concurring) ("This presumption can be rebutted by a contrary showing in the record."); 1 Adele Hedges & Lynne Liberato, *Texas Practice Guide: Civil Appeals* § 6:82 (2012) ("It would appear that the presumption may be rebutted by a contrary showing in the record."); Elaine A. Carlson & Karlene S. Dunn, *Navigating Procedural Minefields: Nuances in Determining Finality of Judgments, Plenary Power, and Appealability*, 41 S. Tex. L. Rev. 953, 965 (2000) ("[T]he *Aldridge* presumption can always be rebutted by contrary evidence in the record.").

motion, stating that the court's plenary power expired in February 2015. Thus, it appears from this record that the trial court did not intend the May 2014 judgment to be final.

The same can be said for the parties. After the trial court signed the May 2014 judgment, Amegy filed a motion to sever the cause against Ship and Sail, indicating a belief that the May 2014 judgment against Ship and Sail was not final. Amegy waited until January 2015—long after Amegy now contends the trial court lost plenary power—to file its "motion for entry of agreed judgment." Amegy moved for entry of judgment because the guarantors allegedly had failed to pay the total amount of the judgment by December 31, 2014. And, the guarantors alleged in their motion to vacate that they had made monthly $10,000 payments totaling $130,000. None of this conduct of the parties would have been necessary if they had reasonably expected the May 2014 judgment to be final.

This case is similar to the San Antonio Court of Appeals case cited above. *See In re M.G.F.*, 2016 WL 519650, at *1–2. On the day of trial, the parties filed a Rule 11 agreement, and the trial court wholly incorporated the agreement in its parental-termination order from the same day. *Id.* at *1. The court of appeals looked to the terms of the Rule 11 agreement, where the parties agreed to "push" the issue of a party's intervention "to a later date." *See id.* at *1–2. This part of the record alone justified rebuttal of the *Aldridge* presumption. *See id.* at *2. The judgment was not final. *Id.* at *2.

Like in *In re M.G.F.*, the trial court here incorporated the agreement between Amegy and the guarantors in its orally rendered judgment. The trial court said it would sign the agreed judgment against the guarantors "on demand" of Amegy, with an "entry of judgment deadline" during the first week of January 2015. Thus, the trial court specifically reserved signing and entry of a judgment against the

guarantors until a later time even though the trial court had orally rendered a judgment against the guarantors. *See Richey v. Bolerjack*, 598 S.W.2d 957, 959 (Tex. 1979) (noting that the *Aldridge* presumption would not apply if the trial court specifically reserved judgment on part of the case until a later time). The fact that the trial court signed a partial judgment against Ship and Sail in May 2014 that, if treated as final, would be contrary to the trial court's oral rendition suggests that the May 2014 judgment was not the final judgment. *See Exxon Corp. v. Garza*, 981 S.W.2d 415, 419–20 (Tex. App.—San Antonio 1998, pet. denied) (refusing to indulge the *Aldridge* presumption for the first of two judgments signed after a jury trial when the first judgment—which was labeled "final" and contained a Mother Hubbard clause—rendered a take-nothing judgment against a settling defendant, and the second judgment was consistent with the jury's verdict against defendant Exxon; the first judgment "contained no indication that the trial court intended to disregard the jury's verdict").

We hold that the *Aldridge* presumption is rebutted for the May 2014 judgment. The May 2014 judgment was not final.

**B.     The January 2015 Judgment Was Final.**

For the reasons above, the *Aldridge* presumption applies to the January 2015 judgment. Nothing in the record rebuts this presumption. The trial court and parties did not address the matter of attorney's fees at trial and did not reserve or "push" the issue to a later date. *See Richey*, 589 S.W.2d at 959; *In re M.G.F.*, 2016 WL 519650, at \*1–2. Accordingly, the January 2015 judgment implicitly denied relief on the attorney's fees claims and was the final judgment for purposes of beginning the appellate timetable.

**C.     The Guarantors' Motion Extended the Appellate Timetable.**

The deadline for filing a notice of appeal is extended to ninety days by the filing of certain postjudgment motions—such as a motion for new trial or a motion to modify the judgment—during the thirty days following the day the trial court signed a final judgment. *See Brighton v. Koss*, 415 S.W.3d 864, 866 (Tex. 2013); *see also* Tex. R. App. P. 26.1(a); Tex. R. Civ. P. 329b(g). Amegy contends that the guarantors' motion did not extend the appellate timetable because it sought only to change the date of the trial court's judgment *nunc pro tunc* and not to substantively alter the judgment. *See Lane Bank Equip. Co. v. Smith So. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex. 2000) (noting that "only a motion seeking a substantive change will extend the appellate deadlines," and distinguishing a motion for judgment *nunc pro tunc* seeking a clerical change from a motion to modify or correct a judgment).

Amegy relies on *Claxton v. (Upper) Lake Fork Water Control & Improvement District No. 1*, 220 S.W.3d 537 (Tex. App.—Texarkana 2006, no pet.) (op. on reh'g), to argue that a motion seeking to change the date of a judgment is a mere clerical change that would not extend appellate deadlines. *See id.* at 543 (noting that a judgment *nunc pro tunc* may be used to correct the recited signing date of an order if the original recited date is incorrect, but *nunc pro tunc* is not used to backdate the signing of a written order). In *Claxton*, the judgment *nunc pro tunc* corrected the signing date of an order because the record indicated that the date recited on the earlier judgment was incorrect. *See id.* at 542. *Nunc pro tunc* proceedings are appropriate to "make the court's records speak the truth." *Stuart v. City of Houston*, 419 S.W.2d 702, 703 (Tex. App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.).

That is not the case here. The guarantors did not merely ask the court to make the judgment reflect what the trial court actually rendered, i.e. to speak the truth. Although the guarantors asked the court several times to "temporarily vacate" the judgment, the guarantors also asked the court to simply "vacate" the judgment. The guarantors sought a thirty-day extension of the *submission* date for entry of the judgment because the guarantors "did not even have an opportunity . . . to file a response two business days before a properly submitted motion." It is evident from the motion that the guarantors sought to vacate the judgment so they could have an opportunity to be heard before the judgment was entered. This is not a mere clerical change to the judgment. *Cf. Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 316 (Tex. App.—Fort Worth 2015, no pet.) (holding that a special appearance filed after the judgment "implicitly requests that the trial court vacate" the judgment because "any timely-filed motion seeking to vacate the trial court's judgment, even a motion asserting meritless grounds for vacating the judgment, constitutes a motion for new trial that will extend the appellate timetable").

Accordingly, the guarantors' motion extended the appellate deadlines. Appellants' notice of appeal was timely filed. This court has appellate jurisdiction.

### III.   NO REVERSIBLE ERROR

Appellants contend the trial court erred by violating Local Rule 3.3.3. Appellants contend the trial court's error resulted in the trial court rendering an agreed judgment without appellants' consent. In particular, "Appellants did not have occasion to inform the court of the revocation of the judgment prior to its *entry*." (emphasis added).

For purposes of this appeal, we assume without deciding that the trial court erred. Yet, we may not reverse a trial court's judgment unless the error

"(1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." Tex. R. App. P. 44.1. We hold that Rule 44.1 has not been satisfied because appellants had no right to revoke consent to the orally rendered judgment.

"A judgment routinely goes through three states: (1) rendition, (2) signing, and (3) entry." *Gana v. Gana*, No. 14-05-00601-CV, 2007 WL 1191904, at *2 (Tex. App.—Houston [14th Dist.] Apr. 24, 2007, no pet.) (mem. op.). A trial court's judgment is rendered when it is announced orally in open court. *Id.* "In the case of an oral rendition, the judgment is effective immediately, and the signing and entry of the judgment are only ministerial acts." *In re E.G.*, No. 14-14-00967-CV, 2016 WL 1128137, at *2 (Tex. App.—Houston [14th Dist.] Mar. 22, 2016, no pet. h.) (mem. op.). Although the date of the signing of a judgment is material to calculating appellate timetables, as discussed above, the date of the signing of a judgment "does not affect or change the date of the rendition of the judgment." *Alcantar*, 47 S.W.3d at 821.

Here, appellants conflate the signing of a judgment with the rendition of a judgment. Appellants are correct that "a court cannot **render** a valid agreed judgment absent consent at the time it is **rendered**." *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995) (emphasis added). But a party may not revoke consent to an agreed judgment after it has been orally rendered. *See Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982) (holding that the complaining party could not revoke consent when, "after the parties voiced their approval of the settlement dictated in open court, the trial court rendered judgment by ordering them to sign and follow the agreement"); *Galerie D'Tile, Inc. v. Shinn*, 792 S.W.2d 792, 792, 794 (Tex. App.—Houston [14th Dist.] 1990, no writ) (holding that the complaining party could not revoke consent to an oral agreed

13

judgment when "the parties voiced their approval of the settlement dictated in open court, [and] the trial court rendered judgment by announcing 'signed and entered this, the 19th day of October, 1987,'" even though the trial court did not sign or enter a judgment before one party attempted to revoke consent).

For a trial court's oral rendition to be adequate to prevent a later revocation, "[t]he words used by the trial court must clearly indicate the intent to render judgment at the time the words are expressed." *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 858 (Tex. 1995). "[I]t would always be preferable for the trial judge to use the specific word 'render' and to say unequivocally that he 'does now render judgment' in the case." *Galerie D'Tile*, 792 S.W.2d at 794.

We must therefore determine whether the trial court indicated a clear intent to render judgment by "present act" in open court in January 2014 or to postpone rendering judgment until January 2015. *See Genesis Producing Co., L.P. v. Smith Big Oil Corp.*, 454 S.W.3d 655, 659 (Tex. App.—Houston [14th Dist.] 2014, no pet.). We conclude the trial judge could not have been clearer. The judge said, "The Court has rendered judgment on the settlement of the parties." The trial court not only used the specific word "render" to describe the present act, but also used the word "memorialize" to refer to the setting in January 2015.

Appellants claim, for the first time on appeal, that they wanted to revoke their consent to the judgment. But they could not do so because the trial court had already rendered judgment on the agreement. *See Samples Exterminators*, 640 S.W.2d at 875; *Galerie D'Tile*, 792 S.W.2d at 792, 794. Thus, any failure of the trial court to allow more time between Amegy's motion for entry of the judgment and the signing and entry of the judgment could not have caused the rendition of an improper judgment or prevented the proper presentation of the case to this court.

Appellants' issues are overruled.

## IV.    CONCLUSION

We have jurisdiction over this appeal, but any error in the trial court is not reversible.  We affirm the trial court's judgment.


/s/      Sharon McCally
Justice


Panel consists of Justices Christopher, McCally, and Busby.